UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VERDE MINERALS, LLC, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-463 |
| | § | |
| 1893 OIL & GAS, LTD., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING MOTION TO DISMISS

Before the Court is Defendant Burlington Resources Oil and Gas Company, LP (Burlington's) Motion to Dismiss Plaintiffs' First Amended Complaint (D.E. 99). Plaintiffs Verde Minerals, LLC, Scott Saufferer, Norman Ross Becken, Peter Becken, and Joseph Benjamin West, Jr., on behalf of themselves and others similarly situated (collectively "Verde") filed a response (D.E. 106) to which Defendant replied (D.E. 109). For the following reasons, Burlington's motion to dismiss is GRANTED (D.E. 99).

### BACKGROUND

The Court previously described the facts of this case in the Memorandum Opinion & Order on the first motions to dismiss (D.E. 40), which the Court hereby incorporates by reference. In the first amended complaint, Verde asserts claims against Burlington, the leasee and operator of the tract, for nonpayment of oil and gas proceeds under § 91.404(c) of the Texas Natural Resources Code. Verde also seeks declaratory relief determining that: (1) the Mattison Deeds conveyed to the grantees undivided mineral interests in the oil and gas found to be in, under, or upon the Mattison Survey, and rights

1 / 8

and interests in and to the proceeds for oil and gas found and sold from the Mattison Survey; (2) the right to develop and lease were reserved by Mattison from the Mattison Deeds' conveyance of an undivided mineral interest; and (3) the right to receive bonus, delay rental, and royalty payments were conveyed by Mattison to the grantees of the Mattison Deeds along with undivided mineral interests.

Defendant Burlington moves to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6), arguing that (1) Verde cannot sustain a cause of action for nonpayment, and (2) a declaratory judgment is an improper vehicle for a title dispute under Texas law.

## STANDARD OF REVIEW

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). To survive a 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss, the court must view all reasonable inferences in the light most favorable to the non-movant and accept well-pleaded facts as true. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citations omitted). However, a plaintiff's "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## DISCUSSION

### A. Section 91.404(c) of the Texas Natural Resources Code

Generally, an operator of an oil and gas lease must pay the royalty owners, or lessors, their royalties on production. *Leavitt v. Ballard Exploration Co., Inc.*, 540 S.W.3d 164, 171 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *Prize Energy Res., L.P. v. Cliff Hoskins, Inc.,* 345 S.W.3d 537, 562 (Tex. App.—San Antonio 2011, no pet.)). The Texas Natural Resources Code § 91.402 sets out the time requirements for these payments and permits operators to withhold payments without interest if there is (1) a dispute concerning title that would affect distribution of payments; or (2) a reasonable doubt that the payee has clear title to the interest in the proceeds of production. *See ConocoPhillips Co. v. Koopman*, 547 S.W.3d 858, 879 (Tex. 2018). If payment is not made as required by § 91.402, "[a] payee has a cause of action for nonpayment of oil or gas proceeds or interest on those proceeds . . . in any court of competent jurisdiction in the county in which the oil or gas well is located." Tex. Nat. Res. Code § 91.404(c). A "payee" is defined as "any person or persons legally entitled to payment from the proceeds derived from the sale of an oil and gas well located in this state." Tex. Nat. Res. Code § 91.401(1); *see Concord Oil Co. v. Pennzoil Exploration & Prod. Co.*, 966 S.W.2d 451, 462 (Tex. 1998) ("As an owner of an interest in the minerals, [the lessor] has a legal right to compensation for oil and gas that has been produced . . . and is a 'payee.'").

Burlington argues that Verde's nonpayment claim is premature because there is a "dispute concerning title" and "reasonable doubt" that Verde has clear title to the

proceeds, permitting Burlington to withhold payments lawfully. Thus, Verde cannot sustain a cause of action under the statute.

Citing to several Texas cases, Verde argues that the nonpayment statute clearly provides a cause of action for a payee. However, these cases did not involve a cause of action for nonpayment while title was disputed. *See Koopmann*, 547 S.W.3d at 862 (dispute regarding whether Section 91.402 precluded a breach of contract claim); *Anadarko E & P Co., LP v. Clear Lake Pines, Inc.*, No. 03-04-00600-CV, 2005 WL 1583506, at *1 (Tex. App.—Austin 2005, no pet.) (issue involving prejudgment interest under Section 91.403 for late royalties paid); *Prize Energy,* 345 S.W.3d at 552 (parties disputed applicability of the statute to calculate damages); *Crimson Exploration., Inc. v. Magnum Producing L.P.*, No. 13-15-00013-CV, 2017 WL 6616740, at *8 (Tex. App.—Edinburg Dec. 28, 2017, pet. filed) (involving a dispute regarding award for prejudgment interest, not a cause of action for nonpayment). Verde has not cited to any law that supports its cause of action for nonpayment of oil and gas proceeds before ownership to mineral or royalty interests is determined.

In a final attempt to support its claim, Verde argues that the "safe harbor" provision under § 91.402 only excuses interest payments—not payments altogether. However, this is inconsistent with Texas case law. In *Leavitt v. Ballard Exploration Company, Inc.*, the operator entered into a valid lease agreement with the owners of the land, drilled on the land that was potentially burdened by plaintiff's royalty interest, and paid all royalties owed to the owners. 540 S.W.3d at 174. The *Leavitt* plaintiff then gave notice to the operator asserting a royalty interest in the unit at issue and filed a related

lawsuit. *Id*. The court deemed these facts to be a "classic situation" where there is "a dispute concerning title that would affect distribution of payments." *Id*. Contrary to Verde's argument, the court explicitly stated that "[the payor] was entitled to withhold the distribution of royalty payments from the [unit] until the dispute over who was entitled to the distribution of those royalties was resolved." *Id.* at 176.

Here, Burlington entered into a lease with the Co-defendants to produce oil and gas on the tract. Verde brought this lawsuit against Burlington and the Co-defendants, and gave Burlington notice asserting its mineral interest in the proceeds. These facts establish that there is a "dispute over title" and that Burlington has "reasonable doubt" that Verde has clear title to the proceeds. Thus, the statute allows Burlington to withhold payments until the issue of Verde's ownership interests is resolved.[1] Thus, Verde has failed to plead facts that lead to a reasonable inference that Burlington violated the payment requirements of § 91.402.

Accordingly, Verde's claim of nonpayment of proceeds under Texas Natural Resources Code § 91.404(c) is DISMISSED.

## B. Declaratory Judgment

The Federal Declaratory Judgment Act (DJA), 28 U.S.C. § 2201 *et seq*., provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate

---

[1] Verde provides no legal support for its allegation that Burlington continues to pay the Co-defendants proceeds from the tract. In fact, the statute does not require Burlington to cease payments but enables it to exercise that right. *See Concord Oil*, 966 S.W.2d at 462 ("There is no requirement that when a title dispute arises . . . the payor must interplead or deposit the funds.").

> pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

A district court has broad, but not unfettered, discretion to decide or dismiss a suit under the DJA. *See Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28–29 (5th Cir. 1989).

A claim for declaratory judgment is moot when "the facts alleged, under all the circumstances, show that there is [no] substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issue of a declaratory judgment." *Granville v. Thaler*, No. CIV.A. H-07-0849, 2012 WL 3779228, at *2 (S.D. Tex. Aug. 30, 2012) (quoting *Florida Bd. of Bus. Regulation v. N.L.R.B.*, 605 F.2d 916, 918–19 (5th Cir. 1979)). "[I]f a request for declaratory judgment adds nothing to an existing lawsuit, it need not be permitted." *Flanagan v. Chesapeake Exploration, LLC,* No. 3:15-Cv-0222-B, 2015 WL 6736648, at *4 (N.D. Tex. Nov. 4, 2015). "Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive." *Mann v. Bank of New York Mellon*, No. 4:12-CV-2618, 2013 WL 5231482, at *8 (S.D. Tex. Sept. 16, 2013) (citing *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011)); *see Marsh v. JPMorgan Chase Bank, N.A.,* 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012) (dismissing plaintiffs' request for declaratory relief in the absence of a viable substantive claim).

Burlington asserts that Verde is improperly seeking to determine title to real property in Texas through a declaratory judgment action on its alleged mineral interest.

Burlington further argues that Verde's request for declaratory relief has become moot as a result of the Court's order on summary judgment that the Mattison Deeds conveyed a royalty interest.

Burlington relies on Texas law that "[a] trespass to try title action is the method of determining title to lands, tenements, or other real property." Tex. Prop. Code § 22.001(a); *see McKinney v. White*, 281 S.W.2d 327, 327 (Tex. 1955) (involving a trespass-to-try-title action over the ownership of undivided mineral interests in the land). State courts have held that the Texas Declaratory Judgments Act cannot be used to adjudicate title. *See Wolfe v. Devon Energy Prod. Co., LP*, 382 S.W.3d 434, 461 (Tex. App.—Waco 2012, pet. denied); *see also AMC Mortg. Servs., Inc. v. Watts*, 260 S.W.3d 582, 588 (Tex. App.—Dallas 2008, no pet.). However, the Texas Declaratory Judgments Act is "a procedural statute that is inapplicable to declaratory judgment actions in federal court." *Flanagan*, 2015 WL 6736648, at *4 n.3; *see also Kingman Holdings, LLC v. Bank of New York*, No. 3:13-CV-1688-L, 2013 WL 3939460, at *4 (N.D. Tex. July 31, 2013).

Here, the Court need not address the issue of whether the DJA prohibits declaratory relief under the facts. Verde has failed to state a claim for which relief may be granted against Burlington for nonpayment of oil and gas proceeds. In the absence of any facts that would lead to the conclusion that a present controversy exists between Verde and Burlington, Verde cannot obtain declaratory relief against Burlington. Accordingly, Verde's request for declaratory relief is DISMISSED.

## CONCLUSION

For the reasons stated herein, the motion to dismiss the first amended complaint is GRANTED (D.E. 99) and the claims against Defendant Burlington are DISMISSED. Furthermore, Plaintiffs are DENIED leave to amend.

ORDERED this 31st day of May, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE